Per curiam.
As to the first question, the court is of opinion, that the legislature did not intend to limit the operation of the statute referred to, to cases of trespass upon property of the same kind as that specially enumerated in the statute; but that by the words “ property real or personal” therein contained, it intended to embrace living domestic animals; the usual and ordinary effect of these general words, not being confined by the special enumeration in the preceding part of the statute. And the court is of opinion, that the fact of the property being at the time of the trespass, on the land of the defendant, will not prevent the operation of the statute, if the other constituents required thereby, namely, that the injury or trespass be done knowingly and wilfully, without lawful authority, be found by the jury to exist in the case. Upon the first question, therefore, the court answers in the affirmative.
Upon the second question—Though the jury in the first part of their verdict (in the usual form of general verdicts) find the defendant guilty and assess his fine, they evidently intended by the other part of their verdict, to ask the opinion of the court as to the law upon a particular state of facts. The verdict, therefore, is to be regarded as a special one. Considering it in that light, the state of facts which it contains, and to which the jury asked the court to apply the law, must be taken as presenting all the facts which the *688 jury found to exist in the case; and as the verdict does not contain the essential attributes required by the statute to constitute the misdemeanour, viz. that the defendant shot and killed the hogs “ knowingly and wilfully, without lawful authority,” it is defective and insufficient. Upon the second question, therefore, the court is of opinion, that no judgement should be rendered, but the verdict should be set aside, and a venire de novo awarded.